THE SUN MUTUAL INSURANCE COMPANY

*v.*

THE SAGINAW BARREL COMPANY.

*Filed at Ottawa May 15, 1885.*

| 114 | 99 |
| 121 | 335 |
| 114 | 99 |
| 125 | 505 |
| 114 | 99 |
| 132 | 488 |
| 114 | 99 |
| 147 | 232 |
| 114 | 99 |
| 63a | 77 |

1.  INSURANCE—*payment of premium to insurance broker—question of agency, and of evidence in respect thereto.* A party desiring to insure certain property, applied to an insurance agent of his place to procure the insurance, leaving him to select the company. He forwarded the application to certain insurance brokers in Chicago, who procured the policy in a company with which they had considerable dealing, and sent the same to the assured through the first named agents, and he sent the premium to the agents in Chicago, who never forwarded the same to the insurance company. The policy contained the usual clause that it should not be binding until the actual payment of the premium. A loss occurred, and payment was refused,

when suit was brought on the policy, and a recovery had: *Held*, that the liability of the insurance company depended upon the fact whether the Chicago agents were its agents, or were authorized to receive payment in its behalf.

2.  Where insurance brokers procuring a policy of insurance received payment of the required premium, and failed to return the same to the insurance company, it was *held*, that the correspondence between the brokers and the company was proper evidence for the purpose of showing their previous relations and methods of business in respect to insurance effected through them, and as tending to show they were, in fact, agents of the company, and as such authorized to receive payment of the premium.

3.  APPEAL—*reviewing questions of fact.* This court, in reviewing ordinary cases at law coming to it through the Appellate Court, sits simply to correct errors of law committed in the lower court. If the trial court makes no improper ruling, and the judgment is affirmed in the Appellate Court upon mere issues of fact, this court will not reverse on the ground that the issues were improperly decided. And this is equally so although there may be no conflict in the testimony on which the issues are found.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. W. H. BARNUM, Judge, presiding.

Messrs. SCHUYLER & KREMER, for the appellant:

If the brokers in Chicago were agents of the insurance company, and the premium was paid to them, the company was liable, even if it never got the money from its agents. But if Beardsley & Circle were not defendant's agents, but mere street brokers, no recovery can be had. *Fire Ins. Co.* v. *Swigert*, 11 Bradw. 599; *Insurance Co.* v. *Ward*, 90 Ill. 548; *Insurance Co.* v. *Weary*, 4 Bradw. 78; *Insurance Co.* v. *Rubin*, 79 Ill. 402; *Whiting* v. *Insurance Co.* 129 Mass. 240.

The correspondence of Beardsley & Circle with appellant, in respect to their prior dealings, was not admissible in evidence. *Lund* v. *Tyngbourough*, 9 Cush. 36.

Messrs. PADDOCK & ALDIS, for the appellee, reviewed appellant's authorities, and discussed the propositions of law, generally.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The Saginaw Barrel Company, a manufacturing corporation of Saginaw, Michigan, being desirous of procuring $2000 additional insurance on its factory buildings and machinery, on the 19th of August, 1882, applied to Gaylord & Fowler, insurance agents of that place, and directed them to procure the amount of insurance mentioned, from some good and responsible company, leaving the selection of the company entirely to them. Gaylord & Fowler thereupon wrote to Beardsley & Circle, insurance brokers doing business at Chicago, requesting them to obtain the required insurance. On the 25th of August, 1882, Beardsley & Circle, the Chicago brokers, sent the application for the insurance in question to the Sun Mutual Insurance Company of New Orleans, with which they already had a business acquaintance and were then doing considerable business. The amount of premium not being deemed sufficient, the application was returned, with a statement to that effect. This being satisfactorily arranged, the insurance company, on the 2d of September following, issued to the barrel company a policy of insurance on its factory building and machinery, for the amount above mentioned. The policy, instead of being sent directly to the barrel company, at Saginaw, was forwarded to Beardsley & Circle, at Chicago, according to the usual course of business between them and the insurance company. They transmitted the policy to the barrel company through Gaylord & Fowler, and the premium was paid by the assured, through them, to Beardsley & Circle, at Chicago, but it was never paid by Beardsley & Circle to the insurance company. After the insurance had been thus effected, the assured, through Gaylord & Fowler, sent the policy to the insurance company, with the request to indorse thereon, "loss, if any, payable to A. W. Weaver and A. A. Brockway, as their interests may appear," which was done, and the policy returned, but nothing was

said about the premium not having been paid. On the 8th of December the property insured was destroyed by fire, after which some correspondence took place between the insurance company and Circle in respect to the premium, but no complaint was ever made to the assured, prior to the loss, that the premium had not been paid. The insurance company having declined to pay the loss on the sole ground that the premium had not been paid, the present action was brought by the assured, in the circuit court of Cook county, to recover the same. By agreement of parties, the cause was tried by the court, without a jury, resulting in a finding and judgment for the plaintiff for $1750.55, which was affirmed by the Appellate Court for the First District, and the defendant has appealed to this court.

The policy in question contains the usual provision that it is not to be binding until the actual payment of the premium. It follows, therefore, that if the payment by the assured to Beardsley & Circle was not, in law, a payment to appellant, the judgment of the circuit court is erroneous, and the Appellate court erred in not reversing it. Whether it was such a payment or not, of course depends upon the further question whether Beardsley & Circle, in view of their previous course of dealing with the insurance company, and in the light of all the circumstances disclosed by the testimony, are to be regarded as its agents in accepting and receiving the premium, which is conceded to have been paid to them, for the company,—or, more shortly put, whether, as a matter of fact, they were authorized by the appellant to receive the premium in question. This was a question of fact for the court sitting as a jury, and whether properly or improperly decided, is not a matter for the consideration of this court. If an error in this respect was committed, as is claimed there was, its correction was committed by law to the Appellate Court, and not to this, and the decision of that court is consequently final. Nor can it avail appellant anything even if it be con-

ceded there is no conflict in the testimony, as has often been decided by this court. This may well be, and yet the controverted facts to which the evidence relates may have been very difficult of solution. This is often the case. Some of the evidence, for instance, may tend to prove a particular hypothesis, while other portions may tend to prove just the contrary. When this is the case, it is for the jury, or court sitting as a jury, to weigh the evidence, reconcile it, if it can be done, and endeavor to draw from it, as an inference of fact, the true conclusion. We must assume that has been done in this case. This court, in reviewing cases at law coming before it through the Appellate Court, sits simply to correct errors of law committed by the lower courts. If the trial court makes no improper ruling, and the case is affirmed upon mere issues of fact, this court will not reverse on the ground those issues were improperly decided.

The only question of law presented by this record arises on an exception taken to introducing in evidence the correspondence between appellant and Beardsley & Circle, for the purpose of showing their previous relations and methods of business in respect to insurance effected through their instrumentality. We think the evidence was proper for the purpose offered.

The court was not asked to hold any propositions of law as applicable to the case, or to otherwise make any ruling complained of, besides that just mentioned.

Perceiving no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*