(No. 16919.—Judgment affirmed.)
THE CENTRAL BOND AND MORTGAGE COMPANY, Appellant,
*vs.* JOHN ROESER, Appellee.

*Opinion filed October 28, 1926.*

I. PRACTICE—*motion under section 89 of Practice act is same as declaration in new suit—municipal court.* A motion to vacate a judgment under section 89 of the Practice act stands as a declaration in a new suit in which new issues are presented and upon which there must be a finding and a judgment; and a similar motion to vacate under section 21 of the Municipal Court act, after expiration of the time specified for modifying or vacating an order or judgment, is analogous to the motion under the Practice act.

2. SAME—*action on a motion to vacate judgment for errors in fact is final and appealable.* The action of the court on a motion to vacate a judgment under section 89 of the Practice act, or under section 21 of the Municipal Court act, after the time allowed for modifying or vacating for error of law, must be based on a finding as to the existence of errors in fact and is final and appealable, as the court cannot be presumed to examine, revise or correct its action for error of law after its power has expired.

3. SAME—*court has power to decide whether motion to vacate judgment discloses errors in fact—bill of exceptions.* Where a motion to vacate is filed under section 89 of the Practice act or under the Municipal Court act, the court necessarily has the power to pass upon the question whether the motion so made on its face discloses any errors in fact, and any error in its decision must be corrected by appeal or writ of error, and a bill of exceptions to preserve for review the action of the court in such case must be presented to and signed by the judge who entered the order.

4. SAME—*Supreme Court cannot determine question whether an affidavit supporting a motion to vacate discloses errors in fact.* The Supreme Court, upon reviewing a judgment of the Appellate Court, under section 122 of the Practice act cannot determine whether an affidavit in support of a motion to vacate the trial court's judgment for errors in fact discloses such errors, as it is necessary to establish such errors by evidence *dehors* the record, and the question whether the trial court properly found that there were such errors is a question of fact; and although there is no conflict in the evidence upon which the trial court based its finding and vacated the judgment, the question of law whether there was any evidence to sustain the finding must be presented in some manner calling for a ruling upon it.

5. SAME—*when a party waives the right to complain of order vacating judgment.* Where a plaintiff, after securing a judgment against the defendant, which the court vacates for errors in fact on motion of the defendant, participates in a second trial, and, the jury having found for the defendant, seeks and obtains a new trial, the plaintiff's voluntary and unlimited appearance in the proceedings subsequent to the order vacating the first judgment must be regarded as a waiver of the right to complain of such order.

6. SAME—*propositions of law cannot be submitted in proceeding on motion to vacate for errors in fact.* As the provision of section 61 of the Practice act relating to the submission of propositions of law in cases tried by the court without a jury applies only where the right to jury trial exists and that right has been waived, and as the parties are not entitled to a jury trial on an application to vacate a judgment under section 21 of the Municipal Court act for errors in fact or on a petition to expunge orders from the court's records, propositions of law cannot be submitted.

APPEAL from the First Division of the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding.

STEBBINS, GAREY, L'AMOREAUX & HURTUBISE, (EARL JAMES GAREY, of counsel,) for appellant.

JOSEPH G. SHELDON, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On November 9, 1921, the Central Bond and Mortgage Company, a corporation, brought an action in the municipal court of Chicago against John Roeser claiming damages for an alleged breach of contract. Summons was served and the defendant filed an appearance and demand for a jury trial and an affidavit of merits denying liability and claiming the benefit of the Statute of Frauds. When the case was called for trial on March 26, 1923, the defendant failed to appear, evidence was introduced, and the jury was instructed to return a verdict for the plaintiff for $1160.

Judgment was rendered on the verdict on the same day and later an execution was issued. On May 12, 1923, forty-seven days after the recovery of the judgment, notice having been given the plaintiff's attorneys, the defendant made a motion, based upon the affidavit of one of his attorneys, to vacate the judgment. The motion was granted and the judgment was set aside. The second trial occurred on May 22, 1923, before another judge. Both parties participated in this trial and the jury returned a verdict in favor of the defendant. The plaintiff made a motion for a new trial, but before it was argued the presiding judge died. While that motion was pending, on February 11, 1924, pursuant to leave granted by a third judge, the plaintiff filed a petition to expunge from the records all orders entered in the cause subsequently to the judgment of March 26, 1923, on the ground that the court was without jurisdiction to enter the order of May 12, 1923, which vacated that judgment. On March 7, 1924, the plaintiff's motion for new trial was granted and its petition to expunge the orders specified was denied. On the same day the plaintiff submitted certain propositions of law for the consideration of the court, but permission to file them was refused. The proceedings upon the petition to expunge, including the submission of the propositions of law and the order excluding them, were preserved by a bill of exceptions presented, signed and filed on March 29, 1924. The case was called for trial the third time on April 14, 1924, but the plaintiff failed to appear, and on motion of the defendant the suit was dismissed for want of prosecution. The plaintiff prosecuted a writ of error from the Appellate Court for the First District, and that court affirmed the order of the municipal court denying the prayer of the petition to expunge the orders entered after March 26, 1923. Application for a rehearing was made and denied, and thereafter the Appellate Court granted a certificate of importance and allowed an appeal to this court.

Appellant contends that the order of May 12, 1923, vacating the judgment rendered March 26, 1923, was interlocutory and not final or appealable, and that it was obliged for that reason to try the case again before it could seek a review of that order by an appellate tribunal. Section 21 of the Municipal Court act (Smith's Stat. 1925, p. 838,) provides that there shall be no stated terms of that court but that it shall always be open for the transaction of business, and that, if the motion for that purpose be entered within thirty days, every judgment, order or decree of the court, final in its nature, may be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court may be vacated, modified or set aside during the term at which it was rendered. The section concludes: "If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity: *Provided, however,* that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the circuit courts." Section 89 of the Practice act, (Smith's Stat. 1925, p. 1963,) applicable to practice and procedure in circuit courts, abolishes the writ of error *coram nobis* and provides that all errors in fact committed in the proceedings of any court of record, and which by the common law could have been corrected by that writ, may be corrected by the court in which the error was committed, upon motion in writing made at

any time within five years after the rendition of final judgment in the case, upon reasonable notice.

The motion under section 89 of the Practice act is independent of the suit or proceeding in which the judgment sought to be corrected or vacated was rendered. Such a motion stands as a declaration in a new suit, in which new issues are presented and upon which there must be a finding and a judgment. (*Harris* v. *Chicago House Wrecking Co.* 314 Ill. 500; *Smyth* v. *Fargo,* 307 id. 300; *Domitski* v. *American Linseed Co.* 221 id. 161; *Mitchell* v. *King,* 187 id. 452.) If the motion is intended to allege errors of fact and the action of the court in sustaining the motion is based on a finding that there were such errors the order will be regarded as final and appealable. (*Cramer* v. *Illinois Commercial Men's Ass'n,* 260 Ill. 516.) The concluding proviso to section 21 of the Municipal Court act is analogous to section 89 of the Practice act, and if an order setting aside a judgment by authority of the latter section is final and appealable, it follows that a like order under section 21 of the Municipal Court act is likewise final and subject to a direct review.

The vacated judgment was rendered on March 26, 1923. When appellee made his motion to set the judgment aside more than thirty days had elapsed since its rendition. Section 21 of the Municipal Court act provides the only methods by which final judgments of the municipal court can be vacated after the expiration of the thirty-day period. No appeal or writ of error was prosecuted by appellee to review the judgment nor did he file a bill in equity or petition to vacate it. To sustain the order of May 12, 1923, the proceedings which culminated in that order must have been taken by authority of the concluding proviso of section 21 of the Municipal Court act. It cannot be presumed that the trial court attempted to examine, revise or correct its action for an error of law more than thirty days after the judgment had been rendered, in view of the well estab-

lished rule that it had no power to do so. (*Pisa* v. *Rezek,* 206 Ill. 344; *Cramer* v. *Illinois Commercial Men's Ass'n, supra.*) The motion was intended to allege errors of fact, and the court's action was based upon a finding that there were such errors. Hence the order vacating the judgment was a final order and directly reviewable as a final judgment. *Cramer* v. *Illinois Commercial Men's Ass'n, supra; Mitchell* v. *King, supra; Domitski* v. *American Linseed Co. supra.*

Appellant, however, insists that the motion did not on its face disclose any error in fact, and that the municipal court for that reason erred in assuming jurisdiction of the motion. The question whether the motion showed any cause for annulling the judgment is one of law, and if appellant desired to present that question to this court, it should, under the rules of practice applicable to suits at law in which declarations are filed, have saved that question in some appropriate way recognized by law. No issue of law was made upon the motion and its sufficiency to support the order vacating the judgment was not questioned. By section 21, *supra,* the municipal court is given jurisdiction to entertain a motion to set aside, for error in fact, a judgment rendered by it more than thirty days before the motion is entered. The court necessarily has the power, in each instance, to pass upon the question whether the motion so made on its face discloses any such error. If it decides that the motion shows such error in fact, it is not deprived of its jurisdiction in the particular case because it erred in its conclusion. The error, if any, in holding the motion sufficient can only be corrected by appeal or writ of error to review the order upon proper assignments of error in the appellate tribunal. (*Harris* v. *Chicago House Wrecking Co. supra; Domitski* v. *American Linseed Co. supra.*) The question whether the motion on its face discloses any error in fact is therefore not before this court for consideration.

Nor does the bill of exceptions, in which appellant's petition to expunge all orders entered subsequently to March 26, 1923, and the proceedings upon that petition, are preserved, avail it to show an attack upon the sufficiency of appellee's motion to vacate the judgment. The order vacating the judgment was entered May 12, 1923. By paragraph 6 of section 23 of the Municipal Court act (Smith's Stat. 1925, p. 840,) the bill of exceptions or its equivalent should have been presented to the judge who granted appellee's motion, within thirty days after the entry of the order upon it, or within such further time as the court, upon application therefor within the thirty-day period, might have allowed. No bill of exceptions was ever presented to or signed by the judge who vacated the judgment. The bill of exceptions which was signed and filed was presented to and signed by another judge on March 29, 1924, nearly one year after the order vacating the judgment had been entered. No application for an extension of time within which to present a bill of exceptions had ever been made and no such extension had been granted. Hence nothing in the bill of exceptions which relates to the motion to vacate the judgment or to the order upon that motion is presented for review.

Appellant further urges that the affidavit in support of the motion to vacate the judgment does not disclose any error in fact sufficient to entitle appellee to have the judgment set aside. Section 122 of the Practice act (Smith's Stat. 1925, p. 1974,) provides that the Supreme Court shall re-examine cases brought to it by appeal or writ of *certiorari,* as provided in the act, from the Appellate Courts as to questions of law, only, and in such cases no assignment of error shall be allowed calling in question the determination of the inferior or Appellate Courts upon controverted questions of fact. Whether or not an error in fact had been committed in the proceeding which resulted in the *ex parte* judgment in favor of appellant was purely

a question of fact. It was necessary to establish such error by evidence *dehors* the record. (*Domitski* v. *American Linseed Co. supra; Mitchell* v. *King, supra.*) The municipal court decided that in the rendition of its judgment an error in fact had been committed. To present to this court as a question of law whether there is any evidence in the record to sustain the order of the municipal court vacating the *ex parte* judgment or the judgment of the Appellate Court affirming the municipal court's order, it was necessary to submit the question to the municipal court as one of law by some mode that would call for a ruling upon it. Such a course is necessary to preserve the question as one of law even though there is no conflict in the evidence upon which the trial court based its finding. (*Sun Mutual Ins. Co.* v. *Barrel Co.* 114 Ill. 99; *Domitski* v. *American Linseed Co. supra.*) Appellant did not follow this course, and the question whether the affidavit showed any error in fact in the former proceeding cannot, therefore, be considered.

After the *ex parte* judgment had been vacated appellant participated in the second trial. The jury's verdict was in favor of appellee and appellant sought and obtained a new trial. The court had jurisdiction of the subject matter of the action, and appellant by its voluntary and unlimited appearance in these proceedings after the order of May 12, 1923, subjected its person to the court's jurisdiction. Under these circumstances it waived the right to complain of the order vacating the *ex parte* judgment. *Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541; *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 id. 61; *Herrington* v. *McCollum,* 73 id. 476.

Appellant finally contends that the municipal court erred in refusing to allow it to submit propositions of law. The provision of section 61 of the Practice act (Smith's Stat. 1925, p. 1959,) relating to the submission to the court of written propositions of law in cases tried by the court without a jury applies only where the right to a jury trial ex-

**323—7**

ists and that right has been waived. (*Martin* v. *Martin,* 170 Ill. 18; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 id. 112; *Bellinger* v. *Devine,* 269 id. 72; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 300 id. 399; *Field & Co.* v. *Industrial Com.* 305 id. 134.) An application to vacate a judgment under section 21 of the Municipal Court act or a petition to expunge orders from the court's records is not a proceeding in which the parties are entitled to a jury trial, and the court properly refused to consider the propositions of law submitted by appellant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*