National Lead Company, Appellant, v. James W. Mortell et al., Appellees.

Gen. No. 34,596.

Opinion filed April 15, 1931. Rehearing denied April 27, 1931.

ENGLAND, DODGE & O'TOOLE, for appellant.

MEIER & POORMAN, for appellees.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

The plaintiff, National Lead Company, brought its action in the superior court against James W. Mortell, Edwin E. Mortell, John L. Mortell and James W. Mortell, Jr., doing business as J. W. Mortell Co., to recover on two written contracts for the delivery of certain raw linseed oil.

The first agreement bears date of December 16, 1924, and is for the delivery of 32,000 gallons, of which 15,864 and a fraction gallons were delivered and ac-

cepted. The second contract bears date of January 27, 1926, and is for the delivery of 187,500 pounds of pure linseed oil, of which 171,428 pounds were delivered and accepted. Each contract provided that the buyer was to furnish specifications for shipment and a storage charge of one-half cent per gallon was provided for storage after the date in the contract named for final delivery. Each contract contained the following provision, ''The Seller hereby sells and agrees to deliver and the Buyer hereby purchases and agrees to receive'' the goods named in the contract, in the specified amounts.

The service had on the defendants in the proceeding was quashed and an alias summons issued. An amended declaration was filed by the plaintiff, based upon the same contracts hereinbefore enumerated and service being had a judgment was entered by default November 23, 1929.

December 14, 1929, the defendants appeared and entered a motion to vacate the judgment of November 23, 1929, which motion was granted, together with leave to file a plea of the general issue, the judgment to stand as security.

January 16, 1930, a plea of the general issue was filed by the defendants, together with a special plea, charging that the Hirst & Begley Linseed Works, a corporation, did not have on file at the time of the commencement of the suit a copy of its charter, nor did it have any standing to do and undertake to do business in the State. This special plea was stricken from the files, but subsequently permitted to stand. To this special plea plaintiff filed its replication. The cause proceeded to trial and, at the end of plaintiff's case, the court directed a verdict in favor of the defendants and judgment was entered upon the verdict, from which plaintiff appeals.

The directed verdict appears to have been based, in the opinion of the trial court, upon the fact that the

plaintiff had failed to show the difference between the contract price and the market value at the time of the refusal to accept. That consequently no damage was shown.

Plaintiff insists as a ground for reversal that the court erred in vacating the judgment by default after the term had gone by and in permitting the defendants to plead. This is based upon the proposition that the court had lost jurisdiction after the term and that the proper motion was under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, which is a motion in the nature of a writ of error *coram nobis.* We agree with this proposition, but no exception appears to have been taken to the order of the trial court vacating the judgment and permitting the defendants to plead. There is no bill of exceptions before us containing anything that took place at the time the judgment was vacated. The motion itself would be preserved in the common law record but an appeal would be from an order entered thereon and should be taken in order to preserve for review the question of the propriety of the order entered. *Domitski v. American Linseed Co.,* 221 Ill. 161; *Central Bond and Mortgage Co. v. Roeser,* 323 Ill. 90.

Moreover, the plaintiff waived the question by participating in the trial. The pleadings were settled under an order of court approved by all the parties to the proceeding. The Supreme Court in this State in the case of *Central Bond and Mortgage Co. v. Roeser, supra,* in its opinion says:

"After the *ex parte* judgment had been vacated appellant participated in the second trial. The jury's verdict was in favor of appellee and appellant sought and obtained a new trial. The court had jurisdiction of the subject matter of the action, and appellant by its voluntary and unlimited appearance in these proceedings after the order of May 12, 1923, subjected its person to the court's jurisdiction. Under these

circumstances it waived the right to complain of the order vacating the *ex parte* judgment. *Weisguth v. Supreme Tribe of Ben Hur,* 272 Ill. 541; *Grand Pacific Hotel Co. v. Pinkerton,* 217 id. 61; *Herrington v. Mc-Collum,* 73 id. 476.''

Upon the trial of the cause plaintiff introduced testimony showing an assignment by the Hirst & Begley Linseed Company, a corporation organized under the laws of New York, of all its property of every kind and description, to the National Lead Company, the plaintiff in this action. This assignment bears date of January 15, 1919.

It appears that plaintiff continued to operate the Chicago plant of the Hirst & Begley Linseed Company, but under the name Hirst & Begley Linseed Works Division. Whether or not the Hirst & Begley Works was still in business and the contract was made with that company instead of the National Lead Company, was a question of fact for the trial court. With this question, however, we are not concerned in view of the directed verdict in the cause.

The sole question we are called upon to answer is whether or not under the contracts in question the plaintiff had the right to and did retain the linseed oil in question for the benefit and use of the defendants and had the right to tender it and demand the contract price therefor, or whether it was required to sell this commodity in the open market and recover for the difference, if any, in price as its damages in the case.

Defendants contend that under the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 4 *et seq.,* plaintiff was bound to resell the goods in the open market and recover only the damages sustained and that the plaintiff not having done so and there being no evidence of damages under such a proceeding, the court properly directed a verdict in favor of the defendants. With this, however, we are unable to agree.

The Supreme Court of this State in the case of *Osgood v. Skinner,* 211 Ill. 229, in its opinion says:

"If there has been no delivery of personal property, the seller who has offered performance on his part may consider the property as the purchaser's, and may either sell it and sue for the unpaid balance of the price, or may hold it subject to the call or order of the purchaser and recover the whole price. (3 Parsons on Contracts,—5th ed.—p. 209.) The difference between the contract price and the market value at the time and place of delivery is a proper measure of damages for a failure to receive personal property, and in very many cases the suits have been brought for such damages. The seller often chooses to retain the title to the property and recover the difference between the value and the contract price, but if the property remains in his hands he is not obliged to consider it as his own. The rule of this court has been that the vendor may elect to sue for damages or to treat the property as the property of the vendee, notwithstanding a refusal to accept it, and sue upon the contract for the whole contract price. In *Bagley v. Findlay,* 82 Ill. 524, it was said that when a vendee of goods sold at a specific price refuses to take and pay for the goods, the vendor may store them and give notice that he has done so and then recover the full contract price, or he may keep the goods and recover the excess of the contract price over and above the market price of the goods at the time and place of delivery. In *Ames v. Moir,* 130 Ill. 582, it was held that the vendor has three remedies: First, to store the goods for the vendee, give notice that he has done so and recover the full contract price; second, to keep the goods and recover the excess of the contract price over and above the market price of the goods at the time and place of delivery; and third, to sell the goods at a fair price and recover from the vendee the loss if the goods fail to bring the contract price. The authorities are not uni-

form on that subject, but the rule stated is the one adopted by this court, and under it there was no error in refusing the instruction."

This rule has not been changed by the passage of the Uniform Sales Act. In fact, the Uniform Sales Act contains a provision granting to the vendor this particular right, as expressed in the case of *Osgood v. Skinner, supra.* This question has also been passed upon and decided in this court in the case of *Santa Rosa-Vallejo Tanning Co. v. C. Kronauer & Co.*, 228 Ill. App. 236. Under this rule as announced in the cases cited, the plaintiff had the right to consider the property as the defendants', and either sell it and sue for the unpaid balance of the price, or hold it subject to the call or order of the defendants and recover the whole price.

There is evidence in the record on the part of the plaintiff showing that the goods were held subject to the shipping orders of the defendants. There was testimony on the part of the plaintiff that the plaintiff had on hand at all times a sufficient amount of oil of the same kind, grade and quality contracted for, to fill the orders of the defendants. The fact that the contracts in question had been entered into a considerable length of time prior to the starting of the lawsuit would not defeat the plaintiff's claim so long as the statute of limitations had not run against its rights. The question as to whether or not plaintiff had oil of the kind and character contracted for on hand at all times ready for delivery, was a question of fact which should have been submitted to the jury.

We are of the opinion that the trial court was in error in directing a verdict for the defendants and, for the reasons stated in this opinion, the judgment of the superior court is reversed and the cause remanded for a new trial in conformity with this opinion.

*Judgment reversed and cause remanded.*

HEBEL and FRIEND, JJ., concur.