Richard F. Lynn, Appellant, v. Helen Multhauf et al., Appellees.

Gen. No. 37,620.

Opinion filed February 13, 1935.

RICHARD F. LYNN, of Chicago, for appellant.

THOMAS W. REILLY, of Chicago, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

The plaintiff brought his action on a certain promissory note against the defendants, under section 15, chapter 59 of Cahill's Illinois Revised Statutes, 1933. That section provides as follows:

"15. No Administration Within Year—Liability.] § 15. If no person shall administer on the goods and chattels of a deceased person for the space of one year after his death, a separate suit or action may be maintained against the heirs or devisees, on all the contracts and undertakings of such deceased persons."

The note upon which the action was brought was signed by Mary Ryan who died and for whose estate no administrator was appointed within the space of one year. Summons was served upon each and all of the defendants, but no appearance was entered and no answer filed and judgment was entered as in default, March 21, 1934. The term of the circuit court at which this judgment was entered expired and, on May 1, 1934 thereafter, a motion was made by the defendants to set aside the order of default and to stay execution. The term having expired this motion can only be

treated as one under chapter 110, paragraph 200, section 72, Cahill's Illinois Revised Statutes, 1933, which provides that the writ of error *coram nobis* having been abolished, errors in fact committed in the proceedings may be corrected by motion, if made within five years after the rendition of the final judgment.

At the hearing upon this motion on May 12, 1934, an order was entered opening the judgment in the original cause and granting leave to the defendants to enter their appearance and answer the complaint. From this order an appeal was prayed and allowed to this court.

Defendants have made their motion here to dismiss the appeal on the ground that it is not an appealable order. The rule, however, is otherwise.

The Supreme Court of this State in the case of *Central Bond & Mortgage Co. v. Roeser,* 323 Ill. 90, says: ''The court necessarily has the power, in each instance, to pass upon the question whether the motion so made on its face discloses any such error. If it decides that the motion shows such error in fact, it is not deprived of its jurisdiction in the particular case because it erred in its conclusion. The error, if any, in holding the motion sufficient can only be corrected by appeal or writ of error to review the order upon proper assignments of error in the appellate tribunal. (*Harris v. Chicago House Wrecking Co., supra; Domitski v. American Linseed Co., supra.*)'' See also *People v. Green,* 355 Ill. 468.

The motion to dismiss the appeal will, therefore, be denied.

The motion to set aside the judgment charges that the plaintiff filed two suits in the circuit court of Cook county against the said defendants, one being for the foreclosure of a certain trust deed and the other suit being a suit at law upon the same trust deed note involved in the foreclosure suit; charges that on or about February 18, 1934, defendants were notified in writing

by the plaintiff that he would appear in court and apply for the appointment of a receiver in the foreclosure proceedings; charges that on or about February 26, 1934, defendants received several summonses in both cases at the same time and that by reason of the similarity of the names of the parties, plaintiff and defendant in the two suits, defendants mistakenly believed that all of said summonses related to the foreclosure suit; charges that the defendants had no defense to the foreclosure and no objections to the appointment of a receiver and, therefore, considered it unnecessary to employ counsel; that the failure of defendants to enter their appearances in this action and to answer was not due to negligence on their part or on the part of their attorney; charges that they have a meritorious defense to the suit at law and that if these facts were known to the court it would have precluded the judgment as rendered.

The question is solely one based upon the allegations in the petition, namely, as to whether or not the errors of fact were such as could be made the basis of a motion in the nature of a writ of error *coram nobis.* These errors of fact have been enumerated and discussed in the case of *Marabia v. Thompson Hospital,* 309 Ill. 147. The rule enunciated in that case and the distinction made has been uniformly followed by the courts of this State. In its opinion in that case the court said: ''The errors of fact which could be made the basis of such a writ and can now be made the basis of a motion were not errors upon such questions of fact as arose upon the pleadings in the original case, or questions of fact averred in the pleadings upon which issue might have been taken, or such questions of fact as constitute the basis of the cause of action or defense upon the merits of the case or might have been pleaded as a defense to the merits. They were questions of the character mentioned in the cases or by the text-writers where the writ has been discussed as a means of cor-

recting errors in the same court, and referred to the disability of parties, the incapacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, insanity. Any of these facts, if known to the court, would prevent the entry of a judgment, and it is to error arising out of lack of knowledge by the court of such facts that the writ of error *coram nobis,* or the motion which is its substitute, applies, and not to lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it.''

In the case before us there was no error of fact, which if known to the court would have precluded the judgment. It was the duty of the defendants to answer and set forth their defense. It was not the duty of the court to investigate for the purpose of finding out whether or not they had a valid defense to the action.

The motion before us contains no allegation in denial of the fact that they were the heirs of Mary Ryan, deceased; that she had died over a year previous to the institution of the suit; that no administrator had been appointed; neither is it alleged that she left no property.

In the absence of answers by the defendants, the court was correct in entering a judgment by default. We have nothing before us to show what, if any, proof was made at that hearing. It is insisted also that the declaration in the original suit was not on its face sufficient to support the judgment. We are not concerned, however, with this question in our consideration of the matter as it now stands before us. Defects in the pleadings will not be considered on a motion to vacate the judgment. If there were any errors in the pleadings they were apparent to the court who entered the judgment. Such errors cannot be questioned col-

laterally. 15 Ruling Case Law, 339; *Harris v. Chicago House Wrecking Co.,* 314 Ill. 500.

The original proceeding is not before us for consideration, and, therefore, this court is not concerned with the pleadings therein. *Mitchell v. King,* 187 Ill. 452.

Where a party has been served with summons, but has neglected to appear and defend, he cannot be relieved against his own negligence so to do. *Marnik v. Cusack,* 317 Ill. 362.

The entry of the judgment may have created a hardship against the defendants but they were given an opportunity to present their defense and neglected so to do. A proceeding of this kind is not addressed to the equitable powers of the court and is not intended to relieve a party from the consequences of his own negligence, neither is it intended for the purpose of reviewing errors of law or fact constituting a defense to the action. It can be based only upon errors of fact which, if known to the court, would have prevented the entry of the judgment.

We do not believe that the facts set out in the petition are such facts as constitute a sufficient basis for a motion in the nature of a writ of error *coram nobis.*

The Supreme Court of this State in the case of *Loew v. Krauspe,* 320 Ill. 244, said: "The motion is not addressed to the equitable powers of the court, and it is not intended to relieve the party from the consequences of his own negligence. (*Consolidated Coal Co. v. Oeltjen,* 189 Ill. 85; *Cramer v. Commercial Men's Ass'n,* 260 id. 516.) The object and purpose of the motion under section 89 have been frequently discussed in decisions of this court, and it has always been held that errors of fact which could be made the basis of the motion are facts which, if known to the court, would have prevented the entry of the judgment, and not the lack of knowledge on the part of the court of facts constituting a cause of action or a defense to

it. *Marabia v. Thompson Hospital,* 309 Ill. 147; *Village of Downers Grove v. Glos,* 316 id. 563.''

Defendants may have some relief, but it is not by a proceeding such as this. Moreover, the plaintiff is entitled to but one satisfaction of its debt and if it should have been satisfied in the foreclosure proceeding, the defendants should have the benefit of that satisfaction. But, so far as the matter before us is concerned, we are of the opinion that the court erred in vacating the judgment and for that reason and in conformity with the views expressed in this opinion, the judgment of the circuit court is reversed.

*Judgment reversed.*

HEBEL, P. J., and HALL, J., concur.