Anna Atkinson, Appellant, v. In re Estate of Catherine McKeogh, Appellee.

Gen. No. 38,296.

Opinion filed February 19, 1936.

HUBERT L. STEED, of Chicago, for appellant; WERNER H. SOMMERS, of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the circuit court setting aside a judgment in favor of the plaintiff Anna Atkinson and against the defendant.

From the motion filed by the attorney for the defendant in the circuit court, we gather the following:

The claim of the plaintiff against the defendant estate was first filed in the probate court for the sum of $743.25, in which court the claim was disallowed. An appeal was taken to the circuit court by the plaintiff where, on February 25, 1935, the claim was allowed against the estate for the sum of $743.45.

On April 13, 1935, a motion was filed to vacate the judgment of February 25, 1935, and to set same aside, which the court did. No rule was entered upon the plaintiff to file an answer to defendant's petition and motion so that no issue was made other than the facts adduced in the affidavit upon which the court acted. No briefs have been filed by the defendant in this court so that we have no aid from the estate in our consideration of the matter.

Chapter 3, par. 69, sec. 68, Ill. State Bar Stats. 1935, known as Administration of Estates, reads as follows:

"In all cases of the allowance or rejection of claims by the county court, as provided in this Act, either party may take an appeal from the decision rendered to the Circuit Court of the same county, in the same time and manner appeals are taken from justices of the peace to the circuit courts, by appellant giving a good and sufficient bond, for costs only, with security, to be approved by the county judge; and such appeals shall be tried *de novo* in the circuit court."

Chapter 79, pars. 116 to 119 of Article X of the Ill. State Bar Stats. 1935, provides among other things that appeals shall be filed either with the justice of the peace or with the clerk of the court to which the appeal is taken. If the bond is filed with the clerk of the court it shall be approved by him and upon the approval the clerk shall issue a supersedeas enjoining the justice or constable from proceeding any further in said suit, and he shall issue a summons to the appellee to appear on a day designated therein not less than 10 nor more than 30 days after the issuance thereof, which summons and supersedeas shall be served and returned as summons in other cases.

It shall be seen by this that there are two methods of taking an appeal. One is by filing a bond with the clerk of the probate court which the statute requires the clerk shall forward within 20 days to the circuit court, or if the bond is filed in the circuit court the supersedeas shall issue as well as the summons to be served on the opposite party. In the motion which was filed to vacate the judgment no information is given as to whether the appeal was perfected in the probate court or in the circuit court. If the appeal was perfected in the probate court it becomes the duty of the attorney for the estate to follow the appeal

without further notice and if the appeal is perfected in the circuit court, he is summoned the same as in any other lawsuit.

The motion of the attorney for the defendant further sets forth that the judgment was entered for $743.45 in favor of the plaintiff "through the excusable mistake of said administrator and his attorney and through the negligence of the clerk of the Circuit Court of Cook County, Illinois, and through the fraud of counsel for the claimant herein, Anna Atkinson, which if the Court had had knowledge thereof, neither the default nor the judgment would have been entered."

Nowhere in the motion does it allege or explain what the excusable mistake of the administrator was, nor of what the negligence of the clerk of the circuit court consisted, nor the fraud of counsel for the claimant.

Not having the benefit of briefs on behalf of defendant in this court, it is quite difficult for us to find out what the defendant's counsel had in mind when making these allegations.

On April 18, 1935, plaintiff made a motion to strike the motion of the defendant praying for the entry of an order vacating and setting aside the judgment entered on February 25, 1935.

From a review of the abstract as well as the record filed in this court, we do not think there were sufficient facts set forth in the motion to vacate the judgment to justify the trial court in vacating the said judgment of February 25, 1935, by virtue of any authority given by paragraph 200, ch. 110, known as the Practice Act, Ill. State Bar Stats. 1935.

As was said by this court in *Lynn v. Multhauf,* 279 Ill. App. 210, quoting from the case of *Loew v. Krauspe,* 320 Ill. 244: "The motion is not addressed to the equitable powers of the court, and it is not intended to relieve the party from the consequences of

his own negligence. (*Consolidated Coal Co. v. Oeltjen,* 189 Ill. 85; *Cramer v. Commercial Men's Ass'n,* 260 id. 516.)''

It is also claimed that the court erred in ordering that defendant pay the plaintiff the sum of $50 covering costs. In the administration of justice the court always has a certain discretion in taxing costs which is not subject to review except where there has been an abuse of such discretion.

From a review of the record we are of the opinion that the trial court should not have set aside the judgment. Consequently, the order is hereby reversed and the cause is remanded with directions to expunge the same from the records of the circuit court and to sustain plaintiff's motion to strike the motion of the defendant to vacate the judgment and that the same be stricken from the record, and it is further directed that the order be vacated setting aside said judgment of February 25, 1935, so that the same is in full force and effect.

*Order reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.