## B. G. Brinkman, Appellee, v. Albert Paulciewski, Appellant.*

1. CONFESSION OF JUDGMENT—*defendant's negligence as barring reopening.* An alleged mistake of the court in striking from the files defendant's motion to open a confession judgment will not lead to reversal of such order on it appearing that the mistake was due rather to the negligence of the defendant.

2. CONFESSION OF JUDGMENT—*liability for negligence in not opening.* If a defendant sustains any damage by the failure of his attorney properly to press for the opening of a judgment by confession, he must look to his attorney therefor and not seek to reopen the judgment on that ground.

3. CONFESSION OF JUDGMENT—*necessity of motion to reopen showing facts unknown to court.* The court's own rules being judicially known to it, its mistake in overlooking one in making an order striking a

* Received from clerk of Appellate Court, August 8, 1927.

motion to reopen a confession judgment is not a ground for a motion to reopen the order where that motion fails to bring to its attention any fact unknown to it which would have precluded making the order.

4. CONFESSION OF JUDGMENT—*method of testing sufficiency of motion to reopen.* Under Cahill's St. ch. 110, ¶ 89, providing that for errors of record a judgment may be reopened, the motion provided therefor may be treated as the beginning of a new suit and demurrer is the proper method of testing the sufficiency of the same.

Appeal by defendant from the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

LAYMAN & JOHNSON, for appellant.

GEORGE A. HICKMAN and FRANK E. TROBAUGH, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The record in this case discloses that at the May term, 1919, of the circuit court of Franklin county, appellee obtained a judgment by confession against appellant in the sum of $1,877.14. In April, 1923, at the February term of that court, appellant, after written notice to appellee, filed a verified motion or petition asking the court to set aside an order made in said cause by that court on the 26th day of February, 1921. The certified motion or petition set forth the obtaining of the judgment by confession and stated in substance that appellant at the May term, 1919, by Robert E. Smith, his attorney, filed his motion in writing to vacate such judgment and permit appellant to plead in the cause; that no hearing was had upon such motion, but the same was continued from term to term until the February term, 1921, at which term, on the 26th day of February, an order was made by the court striking the motion to vacate from the files and striking the cause from the docket; that thereafter on December 29, 1922, an execution was issued upon

the judgment and that the sheriff was then threatening to levy upon and sell property of appellant for the satisfaction of the judgment; that petitioner was and had been for some time last past a member of a firm engaged in packing and distributing meat and that unless restrained the sheriff would levy upon appellant's interest in such partnership, and that the firm would thereby suffer irreparable injury and damage; that the judgment was obtained upon nine notes executed by appellant May 22, 1919, at which time he was a resident of the city of West Frankfort, Illinois; that he has since continuously resided in that city, and has been at all times ready, willing and able to appear in court with his witnesses for the purpose of supporting his said motion to vacate the judgment; that he had employed Robert E. Smith as his attorney to prepare such motion and represent him in the matter, and that he relied upon his said attorney to protect his interest and advise him of anything further necessary to be done by him in the premises; that appellant had no notice that the motion to vacate had been stricken from the files or that any action had been taken in the matter until the service of the execution above referred to upon him; that appellant was not advised by his said attorney that he had withdrawn from the case and was not representing him, but on the contrary he fully relied on said attorney to represent him and protect his interest at all times subsequent to the filing of the motion; that the purported order of the court rendered on February 26, 1921, striking his motion to vacate from the files, was improper and inadvertently made, for the reason that no motion in writing was filed or on file as required by the rules of that court, and therefore said order was not valid; that the records of that court fail to show any final disposition of said motion to vacate; that said motion to vacate together with the affidavit filed in support thereof are true, and if permitted so to do,

appellant believed that upon a hearing he could establish the truth thereof; that he not only had a valid defense to the whole of appellee's demand but also had a counterclaim over and against one Henry P. Schroeder, the original payee in the notes, whom appellant believed to be the real party in interest in the suit. The motion or petition then prayed that the court would upon a hearing set aside and vacate the order made on February 26, 1921, striking his motion from the files; that the court would stay said execution and all further proceedings until a final hearing, and that upon said final hearing the court would grant the motion to vacate and permit appellant to plead in the cause. Appellant in support of the motion filed what is termed a supplemental affidavit, stating that the notes sued on were executed and delivered by appellant to one Henry P. Schroeder as the sole consideration for twenty-five barrels of whisky on that day sold by Schroeder to appellant; that such sale was made and consummated in the city of West Frankfort in the town of Frankfort and county of Franklin; that said town of Frankfort was at that time antisaloon territory under the laws of Illinois, and that by reason thereof the said sale of whisky was illegal and the notes given in consideration thereof wholly null and void; that appellant was informed and believed that appellee, prior to the alleged assignment of said notes to him by Schroeder, was fully cognizant and advised of the fact that said notes were given for the sale of said whisky in antisaloon territory. Appellant filed a demurrer to this petition or motion. On the 22nd of June, 1923, the court sustained a demurrer dismissing the petition on motion and entered a judgment against appellant for costs. This appeal has been prosecuted from that judgment.

The above is a full statement of all that appears from the record in this case. The rule of the court referred to in the motion or petition is not set out at

length but is only mentioned in the manner stated above. This case was argued by both parties as though it were a proceeding under what is now section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, to vacate and set aside a judgment previously rendered. It is contended by appellant that a rule of the trial court, which is set forth in his argument but does not appear in any part of the record except the mere reference to same in appellant's petition, required, among other things, that "Upon the convening of Court each morning the Court shall call the roll of the attorneys. Each attorney when called, shall make any motion he desires, but same must be in writing, except, as to motions to quash indictment. The Clerk shall note all such motions in such motion docket as the Court shall direct. All such motions so entered in said motion docket shall stand for call by the Court and final disposition on the next day of Court at the completion of roll call; provided the Court may in its discretion continue the hearing of any motion." The contention is that the order of the court on February 26, 1921, striking the motion to vacate from the files was unwarranted and improper because no written motion asking for such action had been filed in the cause as required by this rule of the court; that such action of the court in the absence of any written motion constituted an error of fact which could be corrected at a subsequent term under section 89 of the Practice Act by motion. There is some question as to whether the mere reference made to this rule of the court in appellant's petition was sufficient to bring the same to the attention of this court, no reference being made to it in any other part of the record. However, granting that since this was a demurrer filed to this petition it must be considered as admitted that such a rule existed and that no written motion was filed in compliance therewith, yet it seems to us that this judgment must be affirmed upon other grounds.

Appellant to sustain his position places great reli-
ance upon the case of *Holbrook v. Lawton,* 207 Ill.
App. 497. In that case the clerk had failed to place up-
on the wrapper of the case the name of a judge to
whom it had been reassigned as required by the rule of
the trial court, as a result of which a judgment by de-
fault was entered by the judge whose name appeared
on the files and to whom it had been assigned at a prior
time. This was clearly a mistake of the clerk and a
violation of the rules of that court, and the judge who
rendered the judgment would not have rendered it had
he known the facts. That case falls clearly within the
rule as we understand the same has been laid down by
the Supreme Court, but we do not believe this case
falls within that rule. If there was no written motion
on file it was not the fault of the clerk. In a case in
which a similar motion to vacate a judgment was made
after the expiration of the term at which the judgment
was rendered, upon the ground that the party com-
plaining had not been given notice in writing as re-
quired by the rules of the trial court, the Supreme
Court, in affirming the judgment denying the relief
asked, held: "The court had jurisdiction of the par-
ties and of the subject matter and proceeded to final
judgment, and the judgment entered in the cause could
not be opened and reviewed at a subsequent term to
correct an alleged error in the construction or applica-
tion of the rules adopted by the court to regulate the
practice in the court. It is only the correction of mat-
ters of form, clerical errors or matters quite of course
that may be had on mere motion, after the close of
the term." (*Pisa v. Rezek,* 206 Ill. 344.) In that
case the Supreme Court also held that the motion sub-
stituted by section 89 of the Practice Act for the writ
of error *coram nobis* may be invoked to enable the
court to correct an error of fact that came within the
scope of the writ as it existed at the common law, such
as, among other things: "That a valid defense existed

in fact, but which, without negligence of defendant, was not made, either through duress, fraud or excusable mistake, without negligence on the part of the party who by the motion complained of the action of the court." In the instant case it would seem that the action complained of was due more to the negligence of appellant or his attorney than to the fault or mistake of the clerk of the court. The negligence of his attorney is chargeable to appellant. If by any such negligence he has sustained any damage he must look to the attorney. In *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516, it was contended as one of the grounds for the basis of a motion under section 89 of the Practice Act, to set aside a judgment entered at a former term, that the judgment had been entered in in violation of certain rules of the court. The Supreme Court held: "The error in fact which may be assigned under the motion must be some fact unknown to the court which, if known, would have precluded the rendition of the judgment. The rules were of record in the court and must necessarily have been of record to have any validity. (*Owens v. Ranstead*, 22 Ill. 161; *Davis v. Northwestern El. R. Co.*, 170 Ill. 595.) Courts take judicial notice of their own records (*Taylor v. Adams*, 115 Ill. 570), and the records are always constructively before the court. Under the well-settled law these rules were before the court and judicially known when the orders were made and the judgment entered, and could not, therefore, be made known to the court as errors in fact of which the court was ignorant."

The rules of the court in that case, in violation of which it was claimed the judgment had been entered, were the failure of the clerk to place on the wrapper containing the files the name of the judge to whom it was assigned, and that no notice of the intended proceedings in court had been given. In the instant case, even though it be admitted that the court's order of

February 26, 1921, was entered without any written motion on file and that such written motion was required by the rule of the court, yet as held by the Supreme Court that rule was judicially known to the court when the order was made, and it therefore could not be made known to the court by motion under section 89 of the Practice Act, which can only be used to bring to the attention of the court some fact which was unknown to the court and which, if known, would have precluded the rendition of the judgment.

If this proceeding is in fact a motion under section 89 of the Practice Act, and we have so treated it, then the motion was the beginning of a new suit and it was proper to test the sufficiency of the same by demurrer. (*Smyth v. Fargo,* 307 Ill. 300.) Following the doctrine laid down by the Supreme Court in *Cramer v. Commercial Men's Ass'n, supra,* the trial court properly sustained the demurrer to the motion; and the judgment should be and is affirmed.

*Affirmed.*