Stanley K. Adams, Appellee, v. Barbara Butman, Etc., Appellant.

Gen. No. 35,589.

Opinion filed January 25, 1932.

JACOB LEVY, for appellant; JAMES M. GWIN, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

August 14, 1928, plaintiff brought suit against the defendant to recover damages claimed to have been sustained by plaintiff on account of slanderous and defamatory words spoken by the defendant. The summons was returned not found. Nothing further appears to have been done until March 17, 1930, when a pluries summons was issued, which the return of the sheriff shows was served on the defendant by his special deputy on March 17, 1930. The summons was returnable to the June term 1930, and the defendant, having failed to file any appearance, was defaulted. Thereafter, a jury was impaneled to assess the damages, and after hearing the evidence, assessed plaintiff's damages at the sum of $500. Judgment was entered on the verdict June 16, 1930. About 10 months afterwards, April 3, 1931, the defendant filed her verified petition to vacate and open up the judgment and for leave to defend. She denied in her petition that she had been served with summons and that she had notice of the pendency of the suit until March 20, 1931. She also denied any liability. Affidavits were filed in support of the petition, all alleging facts which indicate that the defendant had not been served with summons. Plaintiff filed no counter-affidavits nor did she make any reply, but witnesses were produced who testified on behalf of both parties. The court weighed the evidence, denied defendant's motion, and she appeals.

The motion having been made after the term had expired at which the judgment was entered, obviously it was based under the provisions of section 89 of our Practice Act, Cahill's St. ch. 110, ¶ 89, and is the beginning of a new suit. Where such a motion is made, the proper practice is to raise the sufficiency of the motion by demurrer, by plea of *nullo est erratum,* by motion to dismiss, by pleading special matter in confession and avoidance, or by making an issue of fact by traversing the motion or declaration. *People v. Crooks,* 326 Ill. 266. The proper practice was not observed, but since both parties introduced evidence, they treated the matter as raising a question of fact.

The defendant contends that it clearly appeared from the evidence that the defendant was not served with process and therefore the court should have granted her motion. We think it clear that the contention is not borne out by the record. The evidence as to whether the defendant was personally served was sharply conflicting. The court found that the defendant was served with summons and we are of the opinion that, under the evidence, the finding could not be disturbed. Moreover, we are further of the opinion that the return of the sheriff on the summons could not be contradicted by the evidence offered because it is the law that both parties to the suit, after the term in which judgment is rendered where the jurisdiction of the defendant's person depends upon such return, the return showing that the defendant was served, are conclusively bound by the return of the sheriff. *Chapman v. North American Life Ins. Co.,* 292 Ill. 179; *Marabia v. Thompson Hospital,* 309 Ill. 147; *People v. Drysch,* 311 Ill. 342. In the *Chapman* case it was sought by a motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, to invalidate the return of the sheriff showing service of the summons on the defendant. The Supreme Court, on a

rehearing of the case, held this could not be done, and said (pp. 186, 187): "It has been uniformly held by this court and by other courts that both parties to a suit at law are conclusively bound by the sheriff's return after the term of court has ended in which the judgment was entered and wherein the jurisdiction of the defendant's person depends upon such return. The return cannot be contradicted in the same suit in any particular at such time. . . ."

(p. 187): "The doctrine prevails in this State that the return of the sheriff on the summons, where that return is in harmony with the findings of the court in its judgment that the defendant was duly served, cannot be contradicted after the term of court has ended in which judgment was rendered, except in rare instances, as where the sheriff is sued for making a false return, which is one of his remedies where the defendant is damaged by a false return. . . . In this State, before judgment is taken the sheriff's return can be contradicted when a false return is taken advantage of by a plea in abatement, or, more properly speaking, by a plea to the jurisdiction of the court of the person of the defendant. . . . after judgment has been rendered, and after the term has ended in which judgment was rendered, the sheriff's return is conclusive as between the parties and cannot be taken advantage of by error *coram nobis* unless such false return has been procured by the fraud of the plaintiff."

Under the facts in the instant case as disclosed by the record, the return of the sheriff could not be questioned, as was sought to be done by the plaintiff. Under the authorities cited the return of the sheriff was conclusive. The order of the superior court of Cook county is affirmed.

*Order affirmed.*

McSURELY and MATCHETT, JJ., concur.