(No. 21677.—)

THE PEOPLE *ex rel.* John F. Lax, Petitioner, *vs.* THEODORE F. EHLER, Judge of Municipal Court, Respondent.

*Opinion filed October 21, 1933.*

J. EDWARD JONES, and JOHN G. MALONEY, (JOHN F. LAX, of counsel,) for petitioner.

COHEN & BERKE, for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

John F. Lax, relator, filed a petition in this court for a writ of *mandamus* against Theodore F. Ehler, one of the judges of the municipal court of Chicago, commanding him

to expunge an order vacating a judgment. The petition recites that the cause of Lax *vs.* Johnson *et al.* No. 2029941, was instituted in the municipal court on August 1, 1930; that all defendants were defaulted October 9, 1930, for failure to file affidavits of merit; that on November 6, 1930, the defaults were set aside; that on May 17, 1932, the cause was again reached, and after an *ex parte* trial by the court judgment was rendered and an execution was issued and served upon defendants; that on July 8, 1932, being more than thirty days after the entry of such judgment, the court vacated the judgment and set the cause for trial on October 5, 1932; that thereafter relator appeared specially before respondent for the purpose of questioning the jurisdiction of the court to enter the order of July 8 and for making a demand that it be expunged from the record, and that the demand was made and respondent refused to expunge the order. It is alleged that the court was without jurisdiction to set aside the judgment because no motion to vacate it was made within thirty days after its entry, "and no proceedings in chancery or service of summons upon the parties or diligence was shown on the part of the defendants."

Respondent's answer admits the setting aside of the judgment of May 17. It alleges that on July 8, 1932, upon due notice to the attorney for relator, a petition was presented to respondent, as judge, alleging that after a trial in said cause on July 11, 1931, plaintiff therein took a voluntary non-suit; that the order allowing a non-suit was afterwards vacated and the cause was re-assigned to the chief justice of the municipal court, who set it for trial on July 17; that on said day the files were missing, and the plaintiff, Lax, and Johnson, one of the defendants, orally entered into an agreement that when the files are located each will notify the other, or his counsel, of the time and place set for trial; that on several occasions since that time they reiterated their agreement; that without petitioner's

knowledge said matter came on call April 4, 1932, and was set for hearing before respondent on May 17, 1932; that plaintiff knew of the time and place said cause was set, but, contrary to the several agreements, failed to notify Johnson or petitioner; that on May 17, 1932, he caused an *ex parte* judgment to be entered against the several defendants, and that defendants have a good and meritorious defense as shown by the affidavits and pleadings. The answer further sets out that upon consideration of the petition under and pursuant to the provisions of section 21 of the Municipal Court act, respondent took jurisdiction of the cause and entered the order vacating the judgment. Relator has filed a demurrer to respondent's answer.

Section 21 of the Municipal Court act (Smith's Stat. 1931, par. 376, p. 946,) provides: "That there shall be no stated terms of the municipal court. * * * Every judgment, order or decree of said court final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which the same was rendered in such circuit court, provided a motion to vacate, set aside or modify the same be entered in said municipal court within thirty days after the entry of such judgment, order or decree. If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity: Provided, however, that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside,

in the manner provided by law for similar cases in the circuit court."

The section of the statute above quoted indicates the following methods of procedure by which a judgment of the municipal court may be vacated, set aside or modified: (1) By appeal or writ of error; (2) by a bill in equity; (3) by a petition to the municipal court; (4) by a motion in the nature of a writ of error *coram nobis;* and (5) in the manner provided by law for similar cases in circuit courts. It is evident that the petition to vacate the judgment of the municipal court was filed under the third method above mentioned. When that method is employed the statute requires that the grounds for vacating, setting aside or modifying the judgment shall be set forth in the petition and shall be such as would be sufficient if the proceeding had been begun by a bill in equity. Jurisdiction of the municipal court to set aside a judgment under section 21 depends upon the filing of a proper petition and the giving of notice thereof to the opposite party. The answer of respondent discloses that due notice was given to the attorney for plaintiff. While petitioner raised no question in his petition about the sufficiency of the service of notice he challenges it in his argument. He insists that the attorney upon whom the notice was served was not his attorney at the time of its service. His contention rests not upon proof but upon what he claims is a common law presumption that the authority of an attorney to represent his client in an action ceases on the entry of a final judgment. He cites section 161 of 6 Corpus Juris ("Attorney and Client"). The text writer refers to the rule and then makes this comment: "There are, however, many exceptions to this rule, and in the actual practice of the law it is at least doubtful whether it is not more honored in the breach than in the observance." Among the instances where authority of the attorney is presumed to continue after final judgment, are, the right to collect the judgment

and to release it, the right to accept service of notice on appeal or review, and the right to oppose any steps that may be taken within a reasonable time by the defeated party to reverse it. *Yorke* v. *Yorke,* 3 N. D. 343; *Branch* v. *Walker,* 92 N. C. 87.

Under circumstances such as are shown in this case the question of the existence of the relation of attorney and client is one of fact. Certainly there is no presumption that the relation had ceased. Defendants had a clear right, under section 21 of the Municipal Court act, to file a petition to vacate the judgment. Service of notice appears to have been sufficient and the allegations of the petition comply with the statute, therefore the court had power to hear and determine the questions presented. If the decision reached was incorrect the court was not thereby deprived of jurisdiction. (*Central Bond Co.* v. *Roeser,* 323 Ill. 90; *Finlen* v. *Skelly,* 310 id. 170; *Harris* v. *Chicago House Wrecking Co.* 314 id. 500.) The decision can be reviewed only by appeal or writ of error. *Mandamus* cannot be availed of to review the judgment of a trial court. It can be invoked to expunge a judgment only when the judgment is void and should not appear of record. It does not lie to direct or modify the exercise of judicial discretion by a trial court. (*People* v. *Sullivan,* 339 Ill. 146.) Respondent's order of July 8 was entered in the exercise of his judicial discretion.

Nothing appears, either by lapse of time or otherwise, to support petitioner's charge that defendants in the municipal court were not reasonably diligent in their efforts to vacate the judgment.

Respondent's answer presented a good defense to the petition, and the demurrer filed by the relator is overruled.

For the reasons herein stated the writ of *mandamus* is denied.

*Writ denied.*