(Nos. 21952-958 incl.—

Nos. 21952, 21953, 21955: THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Petitioner, *vs.* THOMAS A. GREEN, Judge, Respondent.—Nos. 21954, 21957, 21958: THE PEOPLE *ex rel.* Thomas J. Courtney, Petitioner, *vs.* FRANCIS A. BORELLI, Judge, Respondent.—No. 21956: THE PEOPLE *ex rel.* Thomas J. Courtney, Petitioner, *vs.* HAROLD P. O'CONNELL, Judge, Respondent.

*Opinion filed February 23, 1934.*

DeYoung, Jones and Farthing, JJ., dissenting.

Otto Kerner, Attorney General, Thomas J. Court-ney, State's Attorney, and J. J. Neiger, (Grover C. Nie-meyer, Edward E. Wilson, and Grenville Beardsley, of counsel,) for petitioner.

Hiram T. Gilbert, for respondents.

Mr. Justice Stone delivered the opinion of the court:

These cases are here on original petitions for writs of *mandamus* to compel the respondents, each of whom is a judge of the municipal court of Chicago, to expunge from the records of that court certain orders setting aside judgment of conviction and commitment to the house of correction of certain defendants under charges of misde-

meanor, made in each case by an information filed therein. The facts differ somewhat in each case but the controlling question raised in each is identical, and is whether the respondents had jurisdiction to enter the orders complained of by relator. In each case the defendant had waived trial by jury and by agreement trial was had before the court. In each case, after conviction and sentence, execution of the sentence was had by delivering the defendant to the superintendent of the house of correction. Thereafter a petition was in each case filed purporting to seek relief under section 89 of the Practice act, praying that the judgment be set aside and a re-trial of the cause had, for the reason that the defendant was not represented by counsel and that evidence could be produced showing that he was not guilty of the charge made. In each of these cases the prayer of the petition was granted and the case re-heard. In some of them the defendant was, after new trial, placed on probation. The periods of probation varied from ten days to one year. In some the defendant was discharged, and in one case the cause was continued and the defendant released on his own recognizance and at the time of the filing of relator's petition herein the case against him had not been re-tried.

The respondents have answered admitting the filing of the informations against the various defendants, their arraignment and trial without a jury and finding of guilty and sentence as alleged in the petition. Each respondent admits that a petition was filed before him under section 89 of the Practice act, and avers that the defendants in the cases before him involved here were ignorant and unable to understand ordinary words of the law; that the respondent had power in each case to consider the petition, which purported to show an excusable mistake of fact and ignorance on the part of the accused so as to render them incapable of making a defense. Respondents assert that the State's attorney in most of these cases did not appear.

Respondents further answer that the petitions under section 89 of the Practice act aver that the accused in each case was not represented by counsel, and respondents say that while the clerk, in writing up the record, has shown that they were represented by counsel, respondents, who heard the cause, know, in fact, that they were not and that the record was wrongfully written up. Respondents admit in each of these cases that they set aside the judgments of conviction and aver that they believed that in the exercise of sound judgment it was their duty to do so. Their answers deny want of jurisdiction in them to enter the orders complained of. Relator has demurred to those answers, and thus an issue of law is made up. The cases have been consolidated for the purpose of decision.

An examination of the petitions filed under section 89 of the Practice act discloses that in each of the petitions it is averred that the defendant was not represented by counsel. In some it is averred that the existence of evidence of which they did not know could be produced to show them to be innocent, and that by ignorance and mistake on their part they were not able to make a defense, and being without advice of counsel and unable to make their defense they ask that a rehearing of the cause be had.

The only question presented in each case is whether respondent had jurisdiction and authority to set aside the judgment of conviction and sentence imposed. Section 89 of the Practice act (Cahill's Stat. 1931, p. 2183,) abolishes the common law writ of error *coram nobis* and provides that errors in fact committed in the proceedings of any court of record, and which by the common law could have been corrected by that writ, may be corrected in the court in which the error was committed, on a motion in writing or petition, at any time within five years after rendition of the final judgment, upon reasonable notice.

Section 21 of the Municipal Court act (Cahill's Stat. 1933, p. 949,) provides that there shall be no stated terms

of that court, and that every judgment, order or decree of that court, final in its nature, shall be subject to being vacated and set aside, provided a motion to so vacate or set aside the same shall be entered within thirty days after the entry of such judgment, order or entry of decree, and if such motion shall not be made, the judgment, order or decree shall not be vacated, set aside or modified except on appeal or writ of error or a bill in equity, or by a petition to the municipal court setting forth the grounds for vacating or modifying the same which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity, provided that all errors in fact in the proceedings in such case which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside in the manner provided by law for similar cases in the circuit court.

Neither section 21 of the Municipal Court act nor section 89 of the Practice act abolishes the essentials of the proceeding under the common law writ of error *coram nobis*, (*People* v. *Sullivan*, 339 Ill. 146; *Mitchell* v. *King*, 187 id. 452;) but errors such as might have been corrected by that writ may now be reached by motion or petition. Such motion or petition is the commencement of a new suit. The error in fact which may be assigned in such proceeding must be of some fact unknown to the court at the time the judgment was rendered, as well as one which would have precluded the rendition of the judgment had it been within the knowledge of the court at the time. The error of fact alleged must be one not appearing on the face of the record or contradicting the finding of the court. *People* v. *Sullivan, supra;. McCord* v. *Briggs & Turivas,* 338 Ill. 158; *Harris* v. *Chicago House Wrecking Co.* 314 id. 500; *People* v. *Noonan,* 276 id. 430.

A motion or petition made under section 89 of the Practice act, and likewise under section 21 of the Municipal

Court act, stands as a declaration in a new suit. The issue made and the judgment sought concern only the setting aside of the original judgment entered. The order made on such motion is a final order and directly reviewable as a final judgment. (*Cramer* v. *Commercial Men's Ass'n,* 260 Ill. 516; *Domitski* v. *American Linseed Co.* 221 id. 161.) It is generally recognized that the proceedings under a motion or petition in the nature of a writ of error *coram nobis* are civil in their nature. (*People* v. *Crooks,* 326 Ill. 266; *State* v. *Calhoun,* 50 Kan. 523, 72 Pac. 38; 2 R. C. L. sec. 266.) The burden is on the one seeking to set aside the judgment, to prove by a preponderance of the evidence the facts alleged in his petition or motion. Errors of fact which may be availed of under section 89 of the Practice act or section 21 of the Municipal Court act include duress, fraud and excusable mistake.

A writ of error *coram nobis,* or a motion under the statute, is an appropriate remedy in criminal cases as well as civil and lies to set aside a conviction obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, or without negligence on his part, he has been deprived of a defense which he could have used at his trial, and which, if known by the court, would have prevented conviction. (*People* v. *Crooks, supra; Sanders* v. *State,* 85 Ind. 318, 44 Am. Rep. 29; *State* v. *Calhoun, supra;* 2 R. C. L. sec. 266; 18 L. R. A. 842, note; *People* v. *Perez,* 98 Pac. (Cal.) 870.) Since the judgment entered upon such proceeding is final and the proceeding is civil in its nature, either the State or the defendant is entitled to a review of the judgment of the court entered on such motion or petition.

It is clear that the court in which a civil or criminal case is tried and a judgment entered is given jurisdiction and authority, under the applicable statute referred to, to entertain a motion or petition to set aside the judgment and sentence entered. Counsel for the relator say, how-

ever, that in these cases the judgment had been executed, and that under repeated decisions of this court the trial court does not have jurisdiction to set aside the judgment when so executed. It is a general rule that a court has no power to vacate its judgment after the defendant has been sentenced and has been committed to the proper officer, since the defendant, having entered upon the execution of the sentence, is no longer within the court's jurisdiction. (*People* v. *Turney*, 273 Ill. 546; *People* v. *Perlmutter*, 306 id. 495.) It was held, however, in *People* v. *Crooks*, *supra*, that this rule does not apply where there is any error in fact that could have been corrected at common law by the writ of error *coram nobis*, or under our statute by motion or petition in writing made at any time within five years after the rendition of the judgment.

Counsel for relator further say that here there was no statement of facts sufficient to show that any such error of fact existed; that there was not a sufficient statement to confer jurisdiction on the court, and that for that reason the court could not assume jurisdiction thereof. The petitions filed purported to state such errors in fact. Whether they did state errors sufficient to justify setting aside the judgment is a question of law, and if the State desired to present that question to this court it should have saved it by raising it in the trial court and securing a ruling thereon. In most of the cases the State's attorney took no part in the proceeding, while in one he merely objected on the ground that the court had no jurisdiction, under the statute, to entertain such a motion or petition. No other issue of law was made up and therefore none other presented here. As we have seen, the municipal court, by section 21 of the Municipal Court act, is given jurisdiction to entertain a motion or petition to set aside for error in fact a judgment entered by it. If it decides that the motion shows such error in fact it is not deprived of jurisdiction in the particular case because it erred in its

conclusion, and that conclusion, if erroneous, may be corrected on review. (*People* v. *Ehler,* 353 Ill. 595; *Harris* v. *Chicago House Wrecking Co. supra; Domitski* v. *American Linseed Co. supra; State* v. *Calhoun, supra.*) In *People* v. *Crooks, supra,* it was held that the sufficiency of the motion or petition may be raised by demurrer, plea of *nullo est erratum,* by motion to dismiss, by pleading special matters in confession and avoidance, or by making an issue of fact by traversing the allegations. Such was likewise the holding of this court in *Harris* v. *Chicago House Wrecking Co. supra.*

The relator cites as authority for his contention, *People* v. *Sullivan, supra.* In that case it is pointed out that the motion there made did not purport to allege facts necessary to give the court jurisdiction under section 89 of the Practice act and could not be considered a petition or motion under that section, and that there was nothing before the court upon which respondent could exercise discretion. The respondent in that case sought to set aside the forfeiture of a recognizance, and the judgment entered thereon, on the ground that the court had no jurisdiction to enter such forfeiture and judgment. Such was a pure question of law. That case is not applicable to those before us.

We are of the opinion that the respondents in the cases here under consideration had jurisdiction to consider the petitions or motions filed under section 21 of the Municipal Court act, which, as we have seen, is in effect the same as section 89 of the Practice act. Though we may doubt the correctness of their rulings, a writ of *mandamus* will not lie requiring that they expunge from the record those rulings, however erroneous they may have been.

The writs in these cases are therefore denied.

*Writs denied.*

Mr. JUSTICE DEYOUNG, Mr. JUSTICE JONES and Mr. JUSTICE FARTHING, dissenting.