The People of the State of Illinois, Plaintiff in Error, v. Henry Gardner, Defendant in Error.

Gen. No. 37,781.

452

Opinion filed April 1, 1935.

THOMAS J. COURTNEY, State's Attorney, for plaintiff in error; EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

December 22, 1933, an information was filed in the municipal court of Chicago, charging that defendant, Henry Gardner, was guilty of an assault with a deadly weapon. January 11, 1934, the defendant entered a plea of not guilty and waived a trial by jury. The cause was then continued until January 25, and again to February 15, when it was tried, the defendant found guilty, sentenced to 90 days in the House of Correction and a fine of $25 was imposed. Apparently defendant was confined to the House of Correction. On March 2, following, a notice by attorney for Gardner appears in the record addressed to the State's attorney, in which it is stated that defendant would ask the municipal court to grant him a new trial in accordance with his motion made under section 72 of the Civil Practice Act, or section 21 of the Municipal Court Act. On the same day defendant filed his verified petition, setting up his conviction and the sentence imposed upon him by the municipal court.

The petition further sets up that defendant was not able to engage counsel, and by reason thereof was unable to make a proper defense; "that there are certain facts of which the Court ought to be apprised, which would raise new issues in his favor which thereby would result in a finding and judgment in his favor;

and thus he was deprived of a fair and impartial trial, contrary to the law of the State of Illinois''; and the prayer was to vacate and set aside the judgment of conviction and to grant a new trial. An order was entered at the time of the filing of the notice and the petition, namely, March 2, 1934, reciting that the cause came on to be heard on motion of attorney for defendant for ''Writ of Error *Coram Nobis* to be directed to EDWARD DENEMARK, Superintendent of the House of Correction,'' and it was ordered that the writ issue directed to Denemark, as superintendent commanding him to produce the body of Henry Gardner on March 3rd before the municipal court. On the same day, March 2, 1934, another order appears in the record which recites that the cause came on to be heard upon the ''petition filed and notice to State's attorney.'' The court found that it had jurisdiction of the subject matter and it was ordered that the defendant be brought from the House of Correction before a branch of the municipal court to be held on the next day, March 3, ''to appear at a hearing on a petition for new trial under section 72 of the Civil Practice Act.'' On the next day an order appears which recites that the defendant moved for a new trial. The People were represented by the State's attorney; defendant appeared in person and by counsel; defendant was arraigned on the charge alleged against him in the information; that he waived a jury and entered a plea of not guilty, and the cause was by agreement submitted to the court for trial. The court heard the evidence and argument of counsel, found the defendant not guilty and he was discharged. The evidence taken on this hearing is not preserved in the record. The record is irregular because there was no order entered specifically vacating a judgment of conviction in accordance with the motion made by defendant, but

this is a mere irregularity. What was done, in effect vacated the judgment of conviction.

The People contend that the petition states no facts sufficient to warrant the court in vacating the judgment under the motion. If the question were properly before us, the contention would have to be sustained, as there is an entire lack of facts alleged; but as we read the case of *People v. Green,* 355 Ill. 468, that question was not saved. It was there said (p. 475) that the proper method to test the sufficiency of a motion or petition under section 21 of the Municipal Court Act was to raise such question "by demurrer, plea of *nullo est erratum,* by motion to dismiss, by pleading special matters in confession and avoidance, or by making an issue of fact by traversing the allegations."

It was there further held that if the court erred, where the question was so raised by the People, the error "may be corrected on review. (*People v. Ehler,* 353 Ill. 595.)" In the instant case, as stated in the *Green* case, 355 Ill., p. 474: "The petitions filed purported to state such errors in fact. Whether they did state errors sufficient to justify setting aside the judgment is a question of law, and if the State desired to present that question to this court it should have saved it by raising it in the trial court and securing a ruling thereon." That procedure was not followed and the question of the sufficiency of the petition is not before us.

The sufficiency of the petition as a matter of law not having been raised, the judgment of the municipal court is affirmed.

*Judgment affirmed,*

McSurely and Matchett, JJ., concur,