Edward Topel, Appellee, v. Personal Loan and Savings
Bank, Appellant.

Gen. No. 39,292.

Opinion filed June 8, 1937.

TAYLOR, MILLER, BUSCH & BOYDEN, of Chicago, for
appellant; JOHN S. MILLER and MORRIS LEIBMAN, of
Chicago, of counsel.

ALFRED M. LOESER and YELLEN & GRANT, all of Chi-
cago, for appellee; GEORGE YELLEN and LOUIS Z.
GRANT, of counsel.

Mr. Presiding Justice John J. Sullivan delivered the opinion of the court.

This action was commenced February 18, 1932, and was dismissed April 21, 1936, for want of prosecution by Judge Walter W. Wright. This had been the third dismissal for the same reason, the cause having been reinstated twice theretofore without objection by defendant. September 17, 1936, almost five months and as many terms after the third order of dismissal, plaintiff filed a petition to vacate said order of dismissal of April 21, 1936. Judge Rush upon the filing of said petition, without requiring or permitting defendant to file a pleading of any kind to it and without requiring plaintiff to present any evidence in support of the allegations thereof, entered an order vacating the judgment of dismissal over defendant's objection. This appeal seeks to reverse said judgment order of September 17, 1936.

The only pleading involved is plaintiff's petition to vacate filed September 17, 1936, and the affidavit thereto attached. The allegations of said petition are as follows:

"1. Your petitioner, Alfred M. Loeser, respectfully represents unto this Honorable Court that he is the attorney for the plaintiff in the above entitled cause; that he has been diligently engaged in watching the said cause and that through error or misprision, the said cause was dismissed, along with a group of other cases, for the reason that no orders had been entered for two years immediately thereto preceding.

"2. Your petitioner further says that there had been orders entered in said cause immediately preceding, in January and February, 1936, by Judge Wimbiscus and in November, 1935.

"3. Your petitioner further says that the said cause was erroneously dismissed in that it was upon the call of Judge Cummings set for the 30th day of

March, 1936, in Room 1125, and that during the same period of time appears to have come up before Judge Wright who was taking the place of Judge Wimbiscus, Room 1124, which said appearance upon the call of Judge Wright was unknown to Michael Tito, the law clerk of this petitioner who was charged with the duty of watching said cause and was diligently attempting to perform such duty.

"4. Your petitioner further says that through no fault of said Michael Tito and because of the fact that the said cause was on both calls, the said cause came up, among a group of cases, on the 21st day of April, 1936, before the Honorable Judge Wright, sitting in Room 1124, instead of before Judge Cummings, Room 1125, where the record of this office of your petitioner had shown it to be, at which time the said cause was dismissed.

"5. Your petitioner further says that even the clerk himself knew nothing of such dismissal, which was inadvertently made, and placed the same upon the 1936 Calendar No. 1 as number 152, and whereupon, at a preliminary call of the cases, it became apparent to counsel that the cause had been inadvertently dismissed, on the 14th day of September, 1936; wherefore he immediately investigated said cause and proceeded to obtain an affidavit of said Michael Tito with the utmost of diligence, a copy of which affidavit is attached hereto, made a part hereof and marked 'Petitioner's Exhibit A.'

"6. Wherefore, your petitioner prays this Honorable Court that it enter an order vacating the said dismissal of the said cause of April 21, 1936, in conformance with the statutes in such cases made and provided."

The affidavit averred:

"1. Michael Tito being first duly sworn on oath deposes and says that he is by occupation, a law clerk, in the City of Chicago, county and state aforesaid.

"2. Affiant further says that during the times hereinafter mentioned he was employed as a law clerk in the offices of Alfred M. Loeser, the attorney for the plaintiff in the above entitled cause.

"3. Affiant further says that he resides at 1109 South Jefferson street in the City of Chicago.

"4. Affiant further says that he was charged with the duty of watching the said case in the said law office of Alfred M. Loeser and accordingly was in the commission of the said duties watching the said case.

"5. Affiant further says that the said case came up for hearing in Room 1124 on the 19th day of March before Judge Wright.

"6. Affiant further says that he was informed that said cause was upon Judge Cummings' call in 1125.

"7. Affiant further states that accordingly, he watched the said cause from time to time, and on the 30th day of March, 1936, in Room 1125, the said cause was set before Judge Cummings.

"8. Affiant further says that he spoke to the clerk at said time aforementioned and the clerk advised him that there was a great many cases ahead of it and that said cause would appear upon the said call and that he should just watch Judge Cummings call from time to time.

"9. Affiant further says that the said Judge Wright was sitting in the same place and performing the same duties as that of Judge Wimbiscus; that previously the said cause had been through error of the clerk dismissed for the supposed reason that there had been no orders entered within two years immediately preceding that time, which said dismissal was vacated and set aside.

"10. Affiant further says that said Judge Wimbiscus in conformance with his duties under rule of this court dismissing all causes where no orders had been entered within two years immediately preceding

thereto, dismissed a group of cases on the 21st day of April.

"11. Affiant further says that he was watching the call of Judge Cummings for the said cause assuming that the said cause would be upon said Judge Cummings' call, and further that said Alfred M. Loeser was ready to try the said cause at any time it would be reached for trial and, that he or said attorney had no notice that the said cause was dismissed.

"12. Affiant further says that no other person had any such notice, and that it was an inadvertent misprision of the clerk, as will more readily be seen from the fact that the clerk's office had no knowledge of such dismissal, in light of the fact that the said cause was placed upon the calendar for 1936, as Number 152, where it is at this time.

"13. Affiant further says that the plaintiff has a good and sufficient cause of action; that the plaintiff has been diligent and is ready to proceed to trial at an early date, and prays this Honorable Court that it vacate the said order of dismissal of the 21st day of April, 1936, in conformance with the statutes in such cases made and provided."

The full text of the order entered by Judge Rush September 17, 1936, is as follows:

"On motion of Alfred M. Loeser, attorney for plaintiff in the above entitled cause, after due notice served and the court having read the petition of Alfred M. Loeser, petitioner, attorney for plaintiff, and accompanying affidavit thereto attached for good cause shown it is hereby

"ORDERED that the order dismissing the cause of April 21, 1936, be and is hereby vacated and set aside.

"It is further ordered that the clerk of this court set the cause for trial at an early date."

This order clearly shows that it was entered solely upon the petition and affidavit filed by plaintiff Sep-

tember 17, 1936. Pursuant to notice served September 22, 1936, defendant filed a written motion September 24, 1936, to vacate the order of September 17, 1936, and for leave to file its petition to dismiss plaintiff's aforesaid petition of September 17, 1936.

Defendant's petition of September 24, 1936, alleged *inter alia* that "over the defendant's objection and request for the right to file a pleading to the petition and set the matter for hearing as a contested motion, Judge Rush then and there entered an order vacating the order of dismissal entered April 21, 1936, by Judge Wright."

The record discloses that Judge Rush made no ruling definitely disposing of defendant's motion to vacate the order of September 17, 1936, and for leave to file its petition to dismiss plaintiff's petition of December 17, 1936, but did enter the following order on September 24, 1936:

"This cause coming on to be heard on due notice and the court having heard the arguments of counsel for both parties,

"It Is Hereby Ordered, Adjudged and Decreed that the record in this cause show that the defendant duly objected and excepted to the entry of the order heretofore entered on September 17, 1936."

Inasmuch as we have concluded that this judgment should be reversed and the cause remanded, it is necessary to consider only defendant's contention that the trial court erred in entering the judgment order of September 17, 1936, over its objection and without first giving it the right to file a pleading to plaintiff's petition to vacate the order of dismissal, and without requiring plaintiff to present evidence in support of his said petition.

Plaintiff's theory is that the petition and affidavit filed in his behalf set forth errors of fact sufficient under sec. 72 of the Civil Practice Act to empower the

trial court to vacate the order of dismissal of April 21, 1936, after the expiration of the term at which it was entered and that Judge Rush did not err in so doing.

Sec. 72 of the Civil Practice Act (Ill. State Bar Stats. 1935, ch. 110, ¶ 200; Jones Ill. Stats. Ann. 104.072) provides as follows:

"The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. When the person entitled to make such motion shall be an infant, *non compos mentis* or under duress, at the time of passing judgment, the time of such disability shall be excluded from the computation of said five years."

In *Seither & Cherry Co. v. Board of Education*, 283 Ill. App. 392, the court pointed out at p. 401:

"This section 72 is section 89 of the Practice Act of 1907, without change, and therefore the same construction should be given said section 72 as was given said section 89."

It has been repeatedly held and firmly established that a motion in the nature of a writ of error *coram nobis* is the commencement of a new suit, that the pleadings therein are original, that the issues are distinct from those in the principal suit and that the judgment rendered is a separate judgment. (*Central Bond & Mortgage Co. v. Roeser*, 323 Ill. 90; *Jacobson v. Ashkinaze*, 337 Ill. 141; *McCord v. Briggs & Turivas*, 338 Ill. 158; *People v. Green*, 355 Ill. 468.) The motion filed in a proceeding under said sec. 72 has been held to be the declaration in the new suit and the other party to the cause should be required to file a pleading to the motion. (*Smyth v. Fargo*, 307 Ill. 300; *Brinkman v. Paul-*

*ciewski,* 245 Ill. App. 307; *Adams v. Butman,* 264 Ill. App. 378; *People v. Gardner,* 279 Ill. App. 451.)

In *People v. Nakielny,* 279 Ill. App. 387, where the proper practice in proceedings of this kind was outlined in detail in the opinion written by Mr. Justice Scanlan, this court said at pp. 395, 396:

"In a proceeding under section 89, the State's attorney, after written notice, has a right to test the sufficiency of the motion or petition by demurrer, plea of *nullo est erratum,* by motion to dismiss, by pleading special matters in confession and avoidance, or by making an issue of fact by traversing the allegations. (See *People v. Green, supra,* p. 475.) If the petition or motion is sufficient upon its face and the facts are disputed, an issue must be made up to be tried. In *Mitchell v. King,* 187 Ill. 452, the court held that the petition or motion is the commencement of a new suit in which new issues are made up, upon which there must be a finding and a judgment, and that 'if the alleged error is proved and there is judgment for the plaintiff in error, it is that for such error the judgment be recalled and annulled.' Later cases have followed that holding.

" 'The judgment upon a writ of error *coram nobis* is that the judgment complained of be recalled, if the issue is in favor of the petitioner; and the original suit is placed in the same position as it was when the judgment was rendered. The judgment complained of is affirmed if the issue is in favor of the defendant in error.' (5 Ency. of Pl. & Pr. 36, 37.)

"After the petition was filed and notice served the People should have been ruled to plead, and if they failed to comply with the rule default could then be entered against them. (*Barnes v. Chicago City Ry. Co.* [185 Ill. App., p. 151]; *Wagener v. Western Electric Co.* [213 Ill. App., p. 328].) No rule to plead, no default, was entered. The petition was plainly vulner-

able to demurrer. As no errors of fact cognizable under section 89 were alleged in the petition, an issue of fact could not have been made up. Even if a rule had been entered against the People to plead and they had failed to comply with it, the proper procedure required that default be entered against them before judgment be taken. (*Barnes v. Chicago City Ry. Co., supra; Wagener v. Western Electric Co., supra.*) . . . In the order of March 1, there is no finding, no judgment, such as must appear in a proceeding under section 89 (sec. 72, par. 200, ch. 110, Cahill's Ill. Rev. St. 1933).''

The trial court clearly erred in refusing to allow defendant to file a pleading to plaintiff's petition to vacate and improperly deprived it of the right to test the sufficiency of said petition or to deny the facts alleged therein.

When section 72 of the Civil Practice Act is invoked the burden is on the one seeking to set aside the judgment to prove by the preponderance of the evidence the facts alleged in his petition or motion. (*People v. Green*, 355 Ill. 468; *People v. Crooks*, 326 Ill. 266.) An inspection of the order of Judge Rush heretofore set forth vacating the order of dismissal shows that no evidence whatever was introduced in support of plaintiff's petition of September 17, 1936, and it cannot be seriously urged that such petition itself was evidence of the allegations contained therein. In *Mitchell v. Eareckson*, 250 Ill. App. 508, the court stated at p. 511:

''Appellant verified her motion but inasmuch as the motion stands as a declaration in a new suit, the verified motion is not evidence of the averments therein contained. The motion is not evidence, although sworn to, as its office is merely to point out the errors of fact on which relief is sought. 34 C. J. 401; *Hicks v. Haywood*, 4 Heisk. (Tenn.) 598. A sworn petition for a writ of error *coram nobis* is only a pleading in the case, and is not proof of the matters alleged in it.

*Johnson v. Straus Saddlery Co.*, 2 Ala. App. 300, 56 So. 755.''

Defendant strenuously insists that when plaintiff's motion or petition was presented to Judge Rush it objected to the court considering or passing upon same without first allowing it to file an appropriate plea. It is true that the order of the trial court of September 17, 1936, contains no recital of plaintiff's objection but the subsequent order of the court entered a week later that ''the record in this cause show that the defendant duly objected and excepted to the entry of the order heretofore entered on September 17, 1936,'' is conclusive that timely objection was interposed by the defendant. Even where leave to plead is not requested it has been held that the proper practice is for the court to rule on the other party to the cause to plead.

We deem it our duty to call attention to the brief submitted by plaintiff's counsel. In said brief they brush aside all of defendant's arguments and authorities with the bald assertion that same are ''not in point'' or are ''not applicable here,'' and to sustain the judgment of the trial court urge (1) ''that it was the duty of the defendant to question the sufficiency of the petition in the trial court and such sufficiency cannot first be raised on this appeal''; (2) that ''it must be presumed that the decision of Judge Rush is fully supported by the evidence heard at the trial''; (3) that ''the defendant did not move the trial court for leave to plead to the petition of the plaintiff but elected to proceed to a hearing on the merits''; and (4) that ''the burden of preserving the evidence on appeal is on the appellant.''

In support of each of the foregoing propositions the statement is made in plaintiff's brief that the court's order of September 17, 1936, was entered after a hearing on the merits and the introduction of evidence in support of the allegations of plaintiff's petition to va-

cate. The defendant insists that this statement, which is repeated in plaintiff's brief not less than 13 times, is false and it appears to us from the record presented to be false and to have been deliberately made. The order entered after the purported hearing on the merits, including the purported presentation of evidence is in itself a refutation of the statement. The recital in the order that "on motion of Alfred M. Loeser, attorney for plaintiff in the aforesaid entitled cause, after due notice served and the court having read the petition of Alfred M. Loeser, petitioner, attorney for plaintiff, and accompanying affidavit thereto attached" is adequate proof that the trial judge heard no evidence but entered said order upon the mere reading of the petition and affidavit filed by plaintiff. It is not even intimated in the record that any evidence was presented or that any witnesses testified. The further statement in plaintiff's brief that "no objection either as to the sufficiency of the petition or the evidence introduced was made by plaintiff at the trial" is obviously false as indicated by the order of September 17, 1936, as well as by the order of September 24, 1936, the very purpose of the latter being to "show that the defendant duly objected and excepted to the entry of the order heretofore entered on September 17, 1936." The conduct of those responsible for the preparation and filing of plaintiff's brief was highly reprehensible and cannot be permitted to pass unnoticed.

For the reasons stated herein the judgment order of the circuit court of September 17, 1936, is reversed and the cause remanded with directions to expunge said order, to permit defendant to plead to plaintiff's petition to vacate the order of dismissal within a short day, and if issues of fact are raised by the pleadings to allow a hearing for the trial of such issues of fact.

*Reversed and remanded with directions.*

FRIEND and SCANLAN, JJ., concur.