County Board of School Trustees of DuPage County, Illinois, a Body Politic and Corporate, for the Use of School District Number 46, DuPage County, Illinois, Plaintiff-Appellee, v. William E. Bendt, et al., Defendants. (Anna M. Fern, Individually and as Executrix of the Will of Patrick J. Maher, Deceased, and William W. Fern, Her Husband, Defendants-Appellants.)

Gen. No. 11,477.

Second District, First Division.

May 6, 1961.

Wm. N. Brady and Eugene P. Meegan, of Chicago, for appellant.

George E. Billett, of Chicago, and Irvin F. Wilson, of Elmhurst, for appellee.

SMITH, P. J.

The defendants-appellants, Anna M. Fern and husband, were the owners of a lot which the plaintiff-appellee, County Board of School Trustees of DuPage County, Illinois, sought to acquire for school purposes through eminent domain proceedings. In the absence of the defendants-appellants and their attorneys evidence was heard, the jury fixed the value of the lot at $1,000.00 and judgment was entered on the verdict. Defendants-appellants filed their petition under the provisions of Section 72 of the Civil Practice Act (Sec. 72, Chapt. 110, Ill. Rev. Stat., 1959) to vacate this judgment. Plaintiff-appellee answered and the Circuit Court of DuPage County entered an order dismissing the petition and denying the requested relief. From that order this appeal was taken. For ready identification of the parties we will refer to defendants-appellants as petitioners and to plaintiff-appellee as the Board.

Petitioners alleged that a pre-trial conference was held between her representatives and those of the Board in the chambers of the trial judge to resolve values; that the Board offered $1,400.00 for the lot and petitioners accepted that offer; that defendants relied on said offer and acceptance and assumed that the jury verdict would be for that amount; that without notice to petitioners a jury was impanelled on June 26, 1958, a verdict of $1,000.00 was returned and the Court entered judgment thereon; that neither petitioners nor their counsel were present at the trial as they relied on the pre-trial conference agreement that the verdict and judgment would be for $1,400.00; that by the terms of the judgment order the award payment was not to be made for 180 days; that upon learning that funds were available petitioners obtained an order for the payment of $1,400.00 from the trial judge

331

and presented it to the County Treasurer for payment; and that that official then informed them of the prior judgment order for $1,000.00 and refused payment for that reason. After several months, but within the two years prescribed by Sec. 72, petitioners filed their petition praying that the $1,000.00 order be vacated and a jury properly impanelled to fix an award for $1,400.00 consonant with the pre-trial agreement. The Board answered and denied the pre-trial agreement, admitted the impanelling of the jury and the absence of petitioners and their counsel, denied lack of notice of the trial setting, denied that the matter was handled as a default matter and denied the jurisdiction of the Court to entertain the petition to vacate. The matter was heard by the Court on petition and answer. The order entered by the Court recites that evidence was heard and arguments of counsel had. The petition was denied and dismissed and the second order for the payment of $1,400.00 was vacated and set aside. There were no findings of fact in the judgment order.

■■ It will be readily observed that the petition and answer squarely raised triable issues of fact as to just what agreement, if any, was reached in the pre-trial conference and what transpired thereafter in the jury trial of the condemnation suit. It will be further observed that these issues of fact are within the scope of those with which a trial court may appropriately deal under the provisions of Section 72. Ellman v. De Ruiter, 412 Ill. 285, 106 N.E.2d 350; Frederick v. Maggio, 23 Ill. App. 2d 292, 162 N.E.2d 590; Jansma Transport, Inc. v. Torino Baking Co., 27 Ill. App. 2d 347, 169 N.E.2d 829. The judgment order, as well as this entire record, is silent as to the basis or reason for the trial Court's decision. If it was based on the Court's conclusion that after thirty days the court lost jurisdiction and was without power to vacate the order it is manifestly in error as such a conclusion would preclude relief in every case under Section 72. If the

order was based on the insufficiency of the petition it is likewise in error for the reason that the legal sufficiency of the amended petition was not raised by motion in the trial court and, absent a motion, and, having answered on the merits, the defendant "waived any question as to its sufficiency, and it will be treated as properly stating a cause of action". Smyth v. Fargo, 307 Ill. 300, 138 N.E. 610.

With the use of the words "and the Court having heard the evidence" in its judgment order, the trial Court affirmatively avers that evidence was heard. This recitation is emphatically and categorically denied by the appellants in their brief. The Board, in its brief, suggests that "it was their duty to offer, and presumably they did offer, whatever evidence they had". This "cat and mouse" approach is a reincarnation in a modern day of the old "negative pregnant" of common law vintage. No report of trial proceedings appears in the record nor is any evidence abstracted in either the original abstract or the supplemental abstract. There is an aura of suspicion surrounding this record that the judgment order of the trial court was entered without benefit of evidence. If so, the order was "still-born" and clearly violates the rule laid down in Topel v. Personal Loan and Savings Bank, 290 Ill. App. 558, 9 N. E. 2d 75, where the court says at page 565:

> "If the petition or motion is sufficient upon its face and the facts are disputed, an issue must be made up to be tried."

In Topel the trial court granted the petition upon petition and affidavit without benefit either of adverse pleadings or evidence and this, affirmatively appearing in the record, required a reversal.

In the instant case time-honored and long established rules close the gate on anything but an affirmance. It is basic in our law that it is the record

in the trial court that we review. That record imports verity.

"When properly authenticated the record filed for the purpose of appeal imports absolute verity, and is the sole, conclusive and unimpeachable evidence of proceedings in the lower Court." McGurn v. Brotman, 25 Ill. App.2d 294, 167 N. E. 2d 12.

It is not for counsel by unsupported statements in either his brief or argument to impugn, stultify or impeach that record in this Court. An Assignment of error must be grounded on the record itself and not on the arguments of counsel or his statement in his brief on appeal. Berdelle v. Carpentier, 11 Ill. 2d 295, 143 N. E. 2d 53; Keser v. Corrie, 3 Ill. App. 2d 209, 120 N. E. 2d 880; People v. Belmont Radio Corporation, 338 Ill. 11, 57 N. E. 2d 479. It was in the trial court that the picture we now examine was painted. It was in that court through appropriate proceedings that it could have and should have been retouched or refinished to correctly portray the view, if it does not now do so. It is sound juridical philosophy which inhibits us from negating, through guess, surmise or conjecture, that which the record as it now stands affirmatively asserts. The absence of evidence in the abstract or the record, standing alone, is insufficient to raise a presumption that none was heard when the recitals of the judgment order itself belies the presumption. The record on appeal binds the parties and circumscribes us in the consideration of the appeal. It is to that record alone that we must turn to resolve all questions with reference to the truthfulness of its recitals. (21 I.L.P., Appeal and Error, Sec. 469 and cases there cited.) There is nothing in this record itself which impeaches the veracity of the recitations in the order.

Accordingly, the judgment order of the Circuit Court of DuPage County should be and it is hereby affirmed.

Affirmed.

DOVE, J. and McNEAL, J., concur.