MATTIE McKINNON *et al.*, Plaintiffs-Appellees, *v.* YELLOW CAB COMPANY *et al.*, Defendants-Appellants.

(No. 60086; ▮▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—August 7, 1975.

Jesmer and Harris, of Chicago (Robert Jesmer and Marvin Lanzel, of counsel), for appellants.

Edward M. Solomon, of Chicago (Mark L. Ross, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County granting plaintiffs' petition, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), to vacate an earlier order of the court striking the complaint and dismissing the suit.

The original action arose when a vehicle in which plaintiffs were riding collided with a taxicab owned by defendant Yellow Cab Company and operated by its employee, defendant Robert G. Sparling. Plaintiffs filed a complaint on March 17, 1972, alleging negligence on the part of Sparling in the operation of the cab.

After filing answers, defendants, on April 25, 1972, filed a motion to require plaintiffs to execute authorizations to the Internal Revenue Service permitting defendants to examine and photocopy plaintiffs' 1970 and 1971 Federal income tax returns. The trial court granted the motion and gave plaintiffs 28 days to comply with it, setting a compliance hearing for August 1. The court twice gave plaintiffs continuances with respect to compliance with its order without objection by defendants. On January 16, 1973, the hearing date set for the last continuance, defendants moved the court to dismiss the cause for failure of plaintiffs to comply with its previous order. Plaintiffs were not present in court on that date. The court granted the motion.

On March 23, 1973, plaintiffs petitioned to vacate the order of January 16 and to reinstate the cause. In their petition they alleged that the complaint was dismissed on January 16, 1973, for their failure to supply the income tax authorizations to defendants; that a letter of authorization had been sent to defendants' attorneys on December 5, 1972; and that plaintiffs did not learn of the dismissal of their complaint until their counsel appeared at defense counsels' offices on March 7, 1973, to take a prearranged deposition. On June 19, 1973, plaintiffs' motion to vacate was stricken by the court when they failed to appear in court on that date. On July 2, plaintiffs moved to vacate the order of June 19 and to set a hearing on the earlier motion filed by them. On July 5, defendants filed a reply in which their attorneys denied having received plaintiffs' letter of authorization. On November 28, 1973, the trial court vacated its earlier orders and reinstated plaintiffs' complaint.

Defendants contend that the trial court erroneously granted plaintiffs' requested relief since the service of plaintiffs' petition was improper, since the petition did not bear plaintiffs' signatures, and since the petition did not allege that plaintiffs had a meritorious cause of action. Defendants additionally argue that the court erred in failing to hold an evidentiary hearing before vacating the order of dismissal.

We initially shall consider defendants' contention that the trial court erred in failing to conduct an evidentiary hearing before it agreed to vacate its earlier order striking the complaint and dismissing the causes of action.

■■ In a section 72 proceeding, the petitioner must both allege and prove his right to the relief sought. (*Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 165 N.E.2d 294.) The quantum of proof necessary to sustain the petition is a preponderance of the evidence. (*Topel v. Personal Loan & Savings Bank* (1937), 290 Ill.App. 558, 9 N.E.2d 75.) Where the central facts of the petition are controverted, a full and orderly evidentiary hear-

ing must be held by the court. *In re Estate of Wayne* (1971), 133 Ill.App. 2d 565, 273 N.E.2d 720; see *In re Estate of Zeno* (1972), 4 Ill.App.3d 137, 280 N.E.2d 504.

■■ In the present case plaintiffs stated in their petition that they mailed the tax authorizations to defendants' attorneys on December 5, 1972. Defendants responded that their attorneys never received them. Defendants' response placed the basic allegations of the petition in issue so as to require an evidentiary hearing. Yet the record is silent as to whether such a hearing was ever held. (Compare *County Board of School Trustees v. Bendt* (1961), 30 Ill.App.2d 329, 174 N.E.2d 404.) The record merely shows that on November 28, 1973, the court sustained plaintiffs' motion to vacate the order of dismissal. Plaintiffs' contention in this court that a hearing was held at which they exhibited a copy of the letter purportedly sent to defendants' attorneys is not only dehors the record but also insufficiently satisfies the requirement that the hearing be of an evidentiary nature, involving the examination of witnesses, under oath, subject to cross-examination. Accordingly, the matter must be remanded for a proper hearing. (See *Wilson v. Wilson* (1965), 56 Ill.App.2d 187, 205 N.E.2d 636; *In re Estate of Zeno.*) Such a hearing, of course, would also determine whether plaintiffs exercised due diligence.

■■ The remaining arguments of defendants—that the service of plaintiffs' petition was improper; that the petition did not bear plaintiffs' signatures; and that the petition did not allege that plaintiffs had a meritorious cause of action—were not raised in the trial court, and therefore are considered waived. See *Park Avenue Lumber v. Nils A. Hofverberg, Inc.* (1966), 76 Ill.App.2d 334, 222 N.E.2d 49; *Pease v. Herb Julian Cab Co.* (1972), 7 Ill.App.3d 179, 287 N.E.2d 200; *Wilson v. Wilson.*

For the reasons stated, the order of the circuit court of Cook County is reversed, and the cause is remanded for proceedings not inconsistent with the holdings in this opinion.

Order reversed and remanded.

McGLOON, P. J., and MEJDA, J., concur.